UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EAST MAIN FOODS INC,  ) <br> WAUPUN PIGGLY WIGGLY,  ) <br> AND CATTAILS LIQUOR CO  ) <br> ) <br> Insureds,  ) <br> ) <br> v.  ) <br> ) <br> UNITED FIRE & CASUALTY  ) <br> COMPANY  ) <br> ) <br> Insurer.  ) | Case No.: 2:26-cv-293 |

## PETITION TO APPOINT NEUTRAL UMPIRE

Insureds, East Main Foods Inc., Waupun Piggly Wiggly, and Cattails Liquor Co. (collectively "Insureds"), by and through its undersigned attorney, petition this Court for entry of an Order appointing a neutral umpire pursuant to the appraisal provision of the subject insurance policy, and state as follows:

### PARTIES

1. East Main Foods Inc. is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located in Fond Du Lac County, Wisconsin.

2. Waupun Piggly Wiggly is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located in Fond Du Lac County, Wisconsin.

3. Cattails Liquor Co is a corporation organized and existing under the laws of Wisconsin, with its principal place of business located in Fond Du Lac County, Wisconsin.

4. United Fire & Casualty Company is a foreign corporation organized in, with its principal place of business in Cedar Rapids, Iowa.

5. United Fire & Casualty Company is authorized to transact insurance business in Wisconsin as a foreign insurance company.

## JURISDICTION AND VENUE

6. This is an action for damages in excess of $75,000, excluding interest and costs.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this District.

9. At all times pertinent hereto, the insured property is located at 96-100 Gateway Drive, Waupun, Wisconsin 53963 ("the Property").

## FACTS

10. In consideration for the premiums paid prior to May 20, 2024, Insurer issued a commercial insurance policy for the Properties bearing policy number 60538966 ("the Policy") for the policy period from April 25, 2024, through April 25, 2025 ("the Policy Period"). A copy of the Policy is attached hereto and incorporated herein as Exhibit "A".

11. The Policy reflected the parties' agreement, wherein Insurer agreed to make payment in the event of a covered loss, risk and/or peril, to the Property in consideration for the premium paid by Insureds.

12. At all times material hereto, Insureds timely paid, and Insurer accepted, consideration in the form of premium payments.

13. On or about May 20, 2024 (hereinafter "Date of Loss"), a severe weather event, which included high velocity wind and hail, seriously damaged the Property.

14. At all times material hereto, Insureds insured the Property up to and including on the Date of Loss.

15. Insureds promptly reported the loss to and filed a claim with Insurer.

16. Insurer acknowledged the claim and assigned claim number 4820322971 ("the Claim").

17. Insurer was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

18. Insurer inspected the Property in its investigation of the Claim.

19. Insurer afforded coverage for the Claim.

20. A dispute arose between the parties regarding the amount of loss.

21. Pursuant to the policy with Insurer, Insureds invoked the appraisal process to resolve the dispute through a letter dated October 20, 2025. Insureds initially designated Chris Whitaker as their appraiser.

22. Subsequently, Insurer agreed to participate in the appraisal and designated Debra Walker as its appraiser.

23. The Policy provides that if the appraisers cannot agree upon a neutral umpire, either party may request that a court of competent jurisdiction appoint one.

24. Despite good faith efforts, the appraisers have been unable to agree upon a neutral umpire.

25. More than three months have elapsed since appraisal was invoked, and the appraisal process remains stalled solely due to the inability to select an umpire.

## PETITION TO APPOINT NEUTRAL UMPIRE

26. Insureds reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Insureds' Appraiser and the Insurer's appraiser have each nominated alternative umpire candidates but have failed to reach an agreement.

28. As a result of this impasse, more than three months have passed since the appraisal was invoked, and the appraisal process remains incomplete.

29. The following individuals are qualified, routinely appointed as umpires in insurance appraisal matters, and have no known conflicts of interest or unethical relationships with Insureds or Insurer herein, nor with their appraisers:

   a. David Herring, CV attached as Exhibit B.

   b. Michael Abernathy, CV attached as Exhibit B.

   c. Darin Johnson, CV attached as Exhibit B.

30. Pursuant to the appraisal provision of the Policy, and applicable law, Insureds respectfully request that this Honorable Court appoint one of the aforementioned as the neutral umpire to facilitate the completion of the appraisal process.

## PRAYER FOR RELIEF

WHEREFORE, Insureds respectfully request that this Honorable Court appoint one of the aforementioned as the neutral umpire to facilitate the completion of the appraisal pursuant to the insurance policy; grant such other order and further relief as the Court may deem just, proper, and equitable under the circumstances.

**DATED** February 23rd, 2026.

>Respectfully submitted,
>
>*/s/ Michael Yaakov Katz*
>Michael Yaakov Katz, Esq.
>WI Bar No. 1142404
>FL Bar No. 1024707
>INSURANCE LITIGATION GROUP, P.A.
>1500 NE 162nd Street
>North Miami Beach, FL 33162
>Telephone: (786) 529-0090
>Facsimile: 866-239-9520
>E-Mail: mkatz@ilgpa.com;
>service@ilgpa.com
>*Counsel for Insureds*